UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SILVERRENE ROUNDTREE-CHISM, | ) |
| | ) |
|    *Plaintiff*, | )    No. 1:16-cv-387-SKL |
| | ) |
| v. | ) |
| | ) |
| STUART H. DUNN, WARREN W. | ) |
| KOONTZ, JEAN BARON, DR. OAKFIELD, | ) |
| | ) |
|    *Defendants*. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court are motions to dismiss filed by Defendant Stuart H. Dunn ("Dunn") [Doc. 10] and Defendant Jean Baron ("Baron") [Doc. 20] and various motions filed by Plaintiff Silverrene Roundtree-Chism ("Plaintiff") [E.g., Docs. 15, 17, 18, 25, 36, 39, 40, 43, 45, 46, 50 and 52]. Upon consideration of the pleadings, motions to dismiss, and Plaintiff's responses to the motions, the Court issued a Show Cause Order to allow Plaintiff an opportunity to correct certain deficiencies and to address the issue of personal jurisdiction as to all defendants and insufficient service of process on two of the four defendants [Doc. 44]. The motions to dismiss are now ripe.

After careful review and considering the pleadings and affidavits in a light most favorable to Plaintiff, the Court finds Plaintiff's responses to the motions and to the Show Cause Order do not make out a prima facie case that the Court has personal jurisdiction over any Defendant. For the reasons set forth in detail below, the Court concludes that it lacks personal jurisdiction over all defendants and that Plaintiff failed to effect service of process with regard to two of the four defendants. Accordingly, the Court will **GRANT** the motions to dismiss [Docs.

10 & 20] and will **DENY** Plaintiff's motions to deny certain motions to dismiss [Docs. 15, 25]. As a result, Plaintiff's several other motions [Docs. 17, 18, 36, 39, 40, 43, 50, and 52] will be **TERMINATED AS MOOT**.

I.     BACKGROUND

Plaintiff filed a complaint in September 2016 against Dunn, Warren W. Koontz ("Koontz"), Baron, and Dr. Oakfield[1] (collectively "Defendants")[2] [Doc. 2]. Therein Plaintiff implies that she worked as a physician some two decades in the past and alleges certain misconduct with regard to a medical board hearing that took place approximately twenty (20) years ago [*id.* at Page ID # 11-12]. Plaintiff now brings this action, stating that she recently learned information about that hearing and that she suffered damages as a result of the alleged misconduct that occurred in relation to the same [*id.* at Page ID #12]. Specifically, Plaintiff alleges in her complaint that certain evidence was fabricated, that she was denied an opportunity to face her accusers in person or at all, that she failed to receive adequate counsel, and that medical records and a prescription were forged using Plaintiff's name [*id.*].

---

[1] Plaintiff did not provide the first name of "Dr. Oakfield" in her complaint.

[2] The Court clarified in its Show Cause Order that Marta J. Ishamel ("Ishmel") was not a party to the current action [Doc. 44 at Page ID # 230, n.4]. Prior to the entry of that Order, Plaintiff had filed with this Court an acknowledgement of service executed upon Ishamel, though Ishmel was not listed as a defendant in Plaintiff's original complaint and at that time no amended complaint had been filed.

Plaintiff filed an amendment to her original complaint [Doc. 50] on May 15, 2017, in which she sought to add two defendants – "The Medical Board of Virginia that was operating in 1998" (emphasis in original omitted) and "Karen Perrine, the Deputy Executive Director of the Virginia Medical Board in 1998." At minimum, Plaintiff failed to adhere to the procedural requirements to amend her complaint set forth in Federal Rule of Civil Procedure 15 or E.D. Local Rule 15.1 and declined to establish or even address whether this Court has jurisdiction over the individual and entity she sought to add as defendants. For these reasons and also in light of this Court's decision to terminate the underlying action by entry of this Order, the Court **CLARIFIES** that neither "The Medical Board of Virginia that was operating in 1998," nor Karen Perrine are a party to this action.

2

Dunn and Baron each filed a motion to dismiss [Docs. 10, 20]. Dunn moved to dismiss Plaintiff's complaint [Doc. 10] for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), failure to state a claim on which relief can be granted under Rule 12(b)(6), insufficient process under Rule 12(b)(4) and Rule 4(a), and expiration of the applicable statute of limitations. Separately, Baron moved for summary judgment pursuant to Rule 56 and to dismiss Plaintiff's case on those same grounds, as well as insufficient service of process under Rule 12(b)(5) [Doc. 20].

In an abundance of caution given Plaintiff's pro se status, the Court entered a Show Cause Order on April 13, 2017 [Doc. 44], requiring Plaintiff to "show cause in writing supported by proper affidavit or declaration within thirty (30) days of the entry of this order why this case should not be dismissed (1) for lack of personal jurisdiction with regard to all Defendants; and (2) for failure to effect proper service of process with regard to Koontz and Oakfield." [Doc. 44 at Page ID # 232-33] (capitalization and bold font in original omitted). The same Order specifically notified Plaintiff that "any failure to adequately respond to this Order will result in the dismissal of her complaint." [Doc. 44 at Page ID # 233]. Despite the Court's Order, Plaintiff did not file a supporting affidavit or declaration. Further, Plaintiff failed to file a writing that adequately addressed the issues of personal jurisdiction or insufficient service of process.[3]

## II.    LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)

A Rule 12(b)(2) motion to dismiss requires a court to "determine whether the plaintiff has alleged sufficient facts to support the exercise of personal jurisdiction over the defendants."

---

[3] In one response [Doc. 45], Plaintiff described unsuccessful efforts to serve process on Dr. Warren W. Koontz and "Edward C. Oldfield 111, MD" and clarified the spelling of Dunn's first name, in response to a portion of the Court's prior Order [Doc. 44 at Page ID # 230, n.1]. In her other response, Plaintiff attempted to establish Dunn's contacts with the forum state, but at no point in her responses did Plaintiff attempt to establish a relationship between Tennessee and the remaining Defendants.

*Destination Designs, LLC v. Glick*, No. 3:08-CV-197, 2008 WL 4559815, at *2 (E.D. Tenn. Oct. 9, 2008). In doing so, the court has "has three procedural alternatives: (1) the court may determine the motion on the basis of written submissions and affidavits alone; (2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on the merits of the motion." *Id.* (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.3d 1212, 1214 (6th Cir. 1989)). Should the court rule on the motion without conducting an evidentiary hearing, "the plaintiff need only make a 'prima facie' case that the court has personal jurisdiction," *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)), and "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff," *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *see also Jude v. First Nat'l Bank of Williamson*, 259 F. Supp. 2d 586, 589 (E.D. Ky. 2003). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 449 (quoting *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)) (internal quotation marks omitted)*; see also Lexon Ins. Co. v. Devinshire Land Dev., LLC,* 573 F. App'x 427, 429 (6th Cir. 2014) (holding that a plaintiff can meet his prima facie showing that jurisdiction exists "by establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction") (citation and internal quotation marks omitted).

"A federal court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Feild v. Graffagnino*, 514 F. Supp. 2d 1036, 1040 (W.D. Tenn. 2007) (citing *Mich. Coal. of Radioactive Material Users, Inc. v.*

*Griepentrog,* 954 F.2d 1174, 1176 (6th Cir. 1992)). Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, "extends the personal jurisdiction of Tennessee courts to the full limit allowed by due process under the United States Constitution." *Id.* (citing *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 477 (6th Cir. 2003)).

Personal jurisdiction over a non-resident defendant may be either general or specific. *Destination Designs*, 2008 WL 4559815, at *3 (citing *Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 981 (6th Cir. 1992)). General jurisdiction requires "the [d]efendant's contacts with the forum state" are "continuous and systematic . . . sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Field*, 514 F. Supp. 2d at 1041 (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997)). "Due process requires that an out-of-state defendant can be subject to personal jurisdiction only if he has such minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Chenault v. Walker*, 36 S.W.3d 45, 53 (Tenn. 2001) (citations omitted).

In the absence of general jurisdiction, specific personal jurisdiction may be found when a defendant purposely directs his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities. *Field*, 514 F. Supp. 2d at 1041; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In such cases, "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Sixth Circuit utilizes a three-part test to determine whether personal jurisdiction would violate the requirements of the due process clause. *S. Mach. Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.*

As noted above, Plaintiff failed to submit an affidavit or declaration, though she was obligated to do so in the Show Cause Order [Doc. 44 at Page ID # 232]. The only connection to Tennessee expressed in her complaint is her own residence [Doc. 2 at Page ID # 11]. Plaintiff's allegations contained therein describe discrimination that she says occurred at the Maryland Medical Board, and she seeks a judgment related, in part, to the Medical Board of Virginia [*id.* at Page ID # 11-12]. Though Plaintiff alleges in a response to Dunn's motion to dismiss that "it is extremely hard to obtain commissions [for her sculpture work] because of the blackballing from the Medical Board of Virginia" [Doc. 15 at Page ID #72] and that "blackballing over the United States" continues [Doc. 2 at Page ID # 12], she failed to establish specific facts demonstrating the connection between the alleged blackballing and the forum state.

### A. Personal Jurisdiction over Defendant Stuart Dunn

Dunn moves to dismiss the case against him, in part for lack of personal jurisdiction. He maintains he lacks "sufficient minimum contacts with Tennessee" and that "[he] has never purposefully availed himself of the privilege of conducting business in Tennessee." [Doc. 10 at Page ID # 33]. In a declaration filed pursuant to 28 U.S.C. § 1746, Dunn states he is an attorney licensed to practice in the Commonwealth of Virginia, but is not and has never been a licensed attorney in Tennessee and has never practiced law in Tennessee [Doc. 10-1 at Page ID # 49]. Further his "representation of [Plaintiff] occurred only in the state of Virginia" and he "did not

travel to the state of Tennessee for any reason related to the representation of [Plaintiff]" [*id.* at Page ID # 50] (emphasis in original). He represented Plaintiff most recently some 15 years ago in 2002, when the letters he mailed to Plaintiff, then at an address in Maryland, were returned undelivered. [Doc. 10-1 at Page ID # 50]. Dunn stated he did not communicate with Plaintiff again until 2016, at which point he discovered her phone number on the Internet [*id.*]. He spoke with her and "with her agreement . . . mailed her client file and the remaining money from her client trust account, minus the amount paid for the mailing fees." [*Id.*]

Dunn argues that his act of mailing Plaintiff's file to her in Tennessee "fourteen years after their attorney-client relationship ended, does not constitute sufficient minimum contacts with Tennessee for the establishment of personal jurisdiction within the confines of Due Process[.]" [Doc. 10 at Page ID # 33]. He argues he lacks "sufficient continuous and systematic contacts with Tennessee to justify [the] assertion of general jurisdiction." [*id.* at Page ID # 39] (emphasis in original omitted). He further argues specific personal jurisdiction is improper because of his lack of contact with the state of Tennessee and because his "representation of Plaintiff took place entirely in Virginia, where [he] ran his law office, his contracts with Tennessee in regard to Plaintiff are random, fortuitous, or attenuated." [*id.* at Page ID # 42].

Plaintiff responded to Dunn's motion to dismiss [Doc. 15], but fell short of establishing that Dunn has sufficient contacts with Tennessee. Instead, she described, largely, "[t]he years I lived *in Virginia*" [Doc. 15 at Page ID # 70] (emphasis added). She alleges "a conspiracy existed against [her] and other physicians of color *in the State of Virginia*" and offers that she is "ready to discuss and talk at length about events that occurred to me *in Virginia.*" [*Id.* at Page ID # 71] (emphasis added). She also states that "[t]he case not only relates to the plaintiff, but, also to other African-American physicians *in the state of Virginia* while she was practicing medicine *in*

7

*that region.* It is widely known that the Medical Board of *Virginia* violates human rights of African-American physicians." [*Id.* at Page ID # 69] (emphasis added). Pro se complaints are liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, Plaintiff does not make *any* factual allegations in her complaint [Doc. 2] or in her motion to deny Dunn's motion to dismiss [Doc. 15] that would establish Defendant Dunn had sufficient contacts with the forum state.

When instructed to show cause regarding personal jurisdiction, Plaintiff asserted certain facts related to Dunn and his relationship to Tennessee. In full, Plaintiff provided as follows:

> Lawyer Stuart H. Dunn
>
> Resides in the State of Virginia, he made contact with [Plaintiff] of Chattanooga, TN by telephone on more than one occasion. The initial contact was on July 25, 2016 from area code 804 and telephone number 569-3917.
>
> Lawyer Dunn sent a letter dated August 8, 2016 that contained a check of $35.91 a balance refund for work done for plaintiff which she paid him $1,000 for service around 1998.[4]
>
> He wanted her e-mail address which she gave him via telephone. He contacted her about three time at the address, she was unable to save e-mails that he sent at s_roundtree@ bellsouth.net because as soon as she opened the e-mails the addresses vanished.
>
> On August 16, 2016 the package arrived from Lawyer Dunn containing letters, notes, and a booklet.
>
> He called again to check on the arrival of the package on August 19, 2016, and again on September 1, 2016 to ask if I was going to cash the check.

---

[4] Plaintiff attached as an exhibit the letter she received from Dunn [Doc. 46-1]. In the letter, Dunn stated that he sent Plaintiff "documents you provided to me during the time I represented you concerning the VA Board of Medicine. I also enclose a check in the amount of $35.91, representing the remainder of your retainer." [*Id.* at Page ID # 241].

[Doc. 46 at Page ID # 239] (footnote added).

None of the actions Plaintiff alleges would establish that Dunn had sufficient contacts with Tennessee such that general or specific personal jurisdiction would be proper. Plaintiff's statements – that while Plaintiff was in Tennessee, Dunn contacted her by phone, mail, and email, regarding legal services Dunn provided to Plaintiff in 1998 – do not indicate Dunn had "continuous and systematic" contacts with Tennessee. *Field*, 514 F. Supp. 2d at 1041. Plaintiff's allegations fail to satisfy due process, as she has not established Dunn "has such minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Chenault*, 36 S.W.3d at 53 (citations omitted).

Dunn's alleged actions also do not establish specific personal jurisdiction because Plaintiff has not shown that Dunn "purposely direct[ed] his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities. *Burger King Corp.,* 471 U.S. at 471. Dunn's efforts to contact Plaintiff to return certain funds to her related to legal services he provided to her in 1998 does not constitute such "conduct and connection with the forum state" that Dunn "should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. For the reasons above, the Court **FINDS** it lacks personal jurisdiction over Defendant Dunn.

**B. Personal Jurisdiction over Defendant Jean Baron**

Defendant Baron submitted an affidavit with her motion to dismiss [Doc. 21-1]. In it, she stated that she has never been to Tennessee, conducted business with others in Tennessee, transacted business with others living or residing in Tennessee, or owned any property in Tennessee [*id.* at Page ID # 111]. She states that she was an Assistant Attorney General in the

9

Maryland Attorney General's Office from 1983 to 2000 and was a judge on the District Court of Maryland for Prince George's County, Maryland from 2000 until 2013 [*id.*]. In the accompanying memorandum submitted with her motion, Defendant Baron argues that she is not subject to general jurisdiction as she has "no, much less sufficient, contacts with Tennessee to allow the Court to exercise personal jurisdiction over her" and that "being hailed into a court over 600 miles from her residence in Maryland would certainly 'offend traditional notions of fair play and substantial justice' when she otherwise had no contacts with Tennessee." [Doc. 21 at Page ID #106-07] (internal citations omitted). She also argues the Court lacks specific personal jurisdiction over her because she "has not conducted business with others in Tennessee or even transacted business with others residing or living in Tennessee" and because "[Plaintiff]'s Complaint is devoid of any allegations regarding Ms. Baron's contact with the State of Tennessee that gave rise to this litigation." [*Id.* at Page ID #107]. Citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), Baron argues that the fact that Plaintiff currently resides in Tennessee "is not enough to establish specific personal jurisdiction." [Doc. 21 at Page ID #107].

Plaintiff filed a motion to deny the motion to dismiss [Doc. 25] filed by Baron, which the Court treats as a response. In that motion, Plaintiff failed to adequately address *any* of the legal arguments raised by Defendant Baron. In a two-sentence response to Baron's motion, Plaintiff cited no legal authority, nor did she establish any contacts that Baron has to Tennessee related to the underlying case [*id.*]. Instead, she repeated a conclusory allegation that she is "a victim of severe group discrimination which resulted in severe body harm and total body agony" [*id.*]. In response to this Court's Show Cause Order, Plaintiff does not address Baron, much less establish that this Court has personal jurisdiction over Baron. For the reasons asserted in Baron's motion

to dismiss [Doc. 20], accompanying memorandum [Doc. 21], and affidavit [Doc. 21-1], the Court **FINDS** it lacks personal jurisdiction over Defendant Baron.

### C. Personal Jurisdiction over Remaining Defendants

Nowhere in her complaint [Doc. 2] or responses to the Court's Order to Show Cause [Docs. 45, 46] does Plaintiff establish sufficient contacts between either Warren W. Koontz or Dr. Oakfield and the forum state. The Court **FINDS** Plaintiff has failed to establish or set forth facts that reasonably could establish general or specific personal jurisdiction for Defendants Koontz and Dr. Oakfield.

As the Court **FINDS** that it lacks personal jurisdiction over all Defendants, Plaintiff's claims are **DISMISSED**.

## III. INSUFFICIENT SERVICE OF PROCESS

Plaintiff was also ordered to show cause as to why this case should not be dismissed for failure to effect proper service of process with regard to Koontz and Dr. Oakfield [Doc. 44 at Page ID # 232-33]. Pursuant to Rule 12(b)(5), a plaintiff's complaint may be dismissed for failure to effect proper service of process on a defendant in accordance with Federal Rule of Civil Procedure 4. Rule 4(e) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4(m) provides, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "It is axiomatic that the due process of law requires proper service of process in order for the Court to obtain in personam jurisdiction over each defendant." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (citation omitted). The plaintiff must "exercise due diligence to perfect service of process after the filing of the complaint . . . ." *Id.* Further, "[w]hen the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981)).

**A. Service of Process on Defendant Warren W. Koontz**

The Court finds no indication in the record that Plaintiff has completed service on Koontz. At various points during this litigation, Plaintiff has asserted that Koontz was the Attorney General of Virginia (". . . the Attorney General of Virginia, known as Warren W. Koontz . . .") [Doc. 15 at Page ID # 69] and the Director of the Virginia Medical Board ("Warren W. Koontz MD, Director of Virginia Medical Board . . .") [Doc. 2 at Page ID # 11; Doc. 17 at Page ID # 86]. At one point, Plaintiff presented to the Court that Koontz was deceased, a claim

she substantiated with a printout of the website "findagrave.com" indicating burial information for "William W Koontz," who died August 28, 1998, according to the website printout filed with the Court [Doc. 17]. Two days later, Plaintiff filed a "Correction of Mistake," that stated "The reporting that Dr. Warren Koontz as deceased in 1992 [sic] is false because I researched records from the Medical Board of Virginia. Dr. Koontz was alive and well because he presided over my case in September 1998." [Doc. 18 at Page # 88]. To substantiate this assertion, Plaintiff filed a letter dated September 9, 1998 that she indicates was signed by Warren W. Koontz, M.D., identified on the same as the "Executive Director, Virginia Board of Medicine" [Doc. 18 at Page ID # 88; 18-1 at Page ID # 90]. In that filing, Plaintiff states that she "will continue to look for an address for Dr. Koontz." [Doc. 18 at Page ID # 88].

Following Plaintiff's most recent attempt to serve Koontz that is reflected in the record, service was returned on January 24, 2017 because Mr. Koontz did not live at the address Plaintiff provided [Doc. 27 at Page ID #139-40]. Soon thereafter, Plaintiff filed a motion for default judgment against Koontz seeking $20,000,000.00 ($20 million) in compensation [Doc. 36 at Page ID #176-77]. When ordered to show cause as to why the case should not be dismissed for insufficient service of process on Koontz, Plaintiff replied, in part:

> I tried to locate Dr. Koontz on the internet but was unable to locate him. The Research Librarian did a search which proved to be nil. I am sure Dr. Koontz is alive and well in Virginia. Lawyer Dunn referred to him in his first motion to the Court as being an out of state resident. He has being served legally but continues to be elusive.

[Doc. 45 at Page ID # 234]. Plaintiff's response is insufficient. Since the Show Cause Order, the Court twice has issued an alias summons as to Koontz – on May 11 and 12, 2017, though there is no evidence in the record that Koontz has been served.

Plaintiff filed her complaint on September 23, 2016 [Doc. 2] and was granted leave to proceed in forma pauperis October 11, 2016 [Doc. 5]. Plaintiff has yet to establish that proper service has been made on Warren W. Koontz or to establish "good cause" to request an extension of time under Rule 4(m). The 90-day period within which Plaintiff was to serve Koontz under Rule 4(m) has long since passed. "This Court disfavors the dismissal of any action for the failure of the plaintiff to prosecute it; nevertheless, such is a necessary sanction '* * * in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts. * * *' " *Campbell*, 496 F. Supp. at 40 (quoting *Link v. Wabash Railroad Company,* 370 U.S. 626, 629-630 (1962), *rehearing denied*, 371 U.S. 873 (1962)). Plaintiff's claim against Koontz is also **DISMISSED** pursuant to Rule 4(m).

### B. Service of Process on Defendant Dr. Oakfield

Plaintiff failed to serve "Dr. Oakfield," a named defendant in her complaint [Doc. 2]. Plaintiff therein describes "Dr. Oakfield" as working in the Infectious Disease Department at Sentara Norfolk General Hospital at 600 Gresham Drive in Norfolk, Virginia [*id.* at Page ID # 12]. Plaintiff twice sent service of process via U.S. Postal Service certified mail to

> DR. OAKFIELD
> INFECTIOUS DISEASE DEPARTMENT
> SENTARA NORFOLK GENERAL HOSPITAL
> 600 GRESHAM DRIVE
> NORFOLK, VA 23507

[Docs. 12, 16-2] (capitalization in original). The proof of service indicates the summons was issued for "Dr. Oakfield." To date, no response has been filed by an individual identified as "Dr. Oakfield," nor is it clear that such a person has been received service of process.

As this Court noted in its prior order [Doc. 44 at Page ID # 232, n.5], the service of process appears to have been eventually received by Edward Oldfield, M.D. ("Oldfield"), who

filed a response [Doc. 22]. Dr. Oldfield, "proceed[ing] . . . out of an abundance of caution," filed a motion to dismiss or in the alternative a motion or a more definite statement [Doc. 22 at Page ID #114, n.1]. In Plaintiff's response to the Show Cause Order, she stated:

> Edward C. Oldfield 111, MD is the physician that made the complaints about me to the Medical Board of Virginia; I found his name in the box that was sent to me by Lawyer Stuart H. Dunn. . . . I found two address for him in a letter from a physician treating a patient of Dr. Oldfield and mine . . . . Another address was found near the Sentara General and I also listed it on the Summons that was sent out as to correct Dr. Oldfield name .

[Doc. 45 at Page ID # 235].

Plaintiff's response suggests Dr. Oldfield is in fact the party she intended to name as a defendant, rather than Dr. Oakfield. However, Plaintiff has not amended her complaint to reflect that Dr. Oldfield should be made a party in place of – or perhaps in addition to – Dr. Oakfield. A person not named as a defendant is "a stranger to the suit" and "has no standing to file an answer or motion to dismiss the action in the present posture of the case[.]" *Castleman v. Alamo Plaza, Inc.*, 296 F.2d 521, 523 (6th Cir. 1961). Previously, the Court declined to consider Dr. Oldfield's motion because he had not been made a party to this action [Doc. 44 at Page ID # 232, n.5].

To the extent that Plaintiff's response suggests she intended to name Dr. Oldfield as a defendant but listed Dr. Oakfield through a typographical error, the Court takes notes that Dr. Oldfield asserts he was not properly served [Doc. 22]. He states that he was not served with a summons and complaint by Plaintiff, but that "[i]nstead, several documents apparently were sent to a hospital where I see patients (Sentara Norfolk General Hospital), received by someone there, and later forwarded to me." [Doc. 22-1 at Page ID #118]. This does not constitute sufficient service of process under Rule 4(e)(2). Plaintiff did not cite to any Virginia procedural rules to establish or assert that service of process for Dr. Oldfield was proper under Rule 4(e)(1), nor did

she provide any further details regarding how she effectuated proper service of process regarding Dr. Oldfield. In all, Plaintiff has not shown good cause for failure to serve process within the requisite time period, as required by Rule 4(m). Further, Plaintiff failed to amend her complaint to make Dr. Oldfield a party to the suit.

For the reasons stated herein, the Court **DISMISSES** Plaintiff's claim against Dr. Oakfield, pursuant to Rule 4(m) and **CLARIFIES** Plaintiff did not properly make Dr. Oldfield a party to this suit.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motions to dismiss [Doc. 10 & 20] on the grounds set forth herein and **DISMISSES** the action filed by Plaintiff for lack of personal jurisdiction as to each named Defendant and for failure to effect sufficient service of process with regard to Defendants Koontz and Dr. Oldfield. The Court need not address the other grounds for dismissal raised by the named Defendants. The Court **DISMISSES AS MOOT** all other pending motions in this action and **DIRECTS** the Clerk to **CLOSE** this case.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE